Thayer & al. *v.* Minchin & al.

against him. In that court he moved for a trial of the question of his ability, by the jury; which *Whitman C. J.* overruled, on the ground that it was a question to be determined by the court; and after a hearing, adjudged him of sufficient ability, and entered judgment against him for a weekly payment, till the farther order of the court. From this judgment he claimed an appeal to this court, which was refused in the court below, as not provided for by any statute.

*Fessenden* now moved for leave to enter the appeal.

THAYER & AL. *vs.* MINCHIN & AL.

A debtor, committed by his bail after a return of *non est inventus,* and before *scire facias,* is entitled to the prison limits in the same manner as if committed by order of Court, upon a surrender before judgment in the original suit. And if the creditor does not charge him in execution within fifteen days after such commitment, he may lawfully go at large, the bond for the prison limits having done its office.

*Thayer & Hayes* sued *Minchin,* who gave bail, in the usual form. At *October* term 1826, they recovered judgment; upon which they immediately took out execution, and gave it to an officer, who re-

Thayer & al. *v.* Minchin & al.

turned it *non est inventus*, all the legal measures having been pursued thus far, to fix the bail. After the return of the execution, *Minchin*, who had been absent from the State ever since its date, having returned to *Portland* in *May* 1827, was committed to prison by his bail; and was enlarged by the gaoler upon giving the bond now in suit, reciting his arrest, bail, and commitment, and conditioned that he should remain a true prisoner, within the limits of the gaol yard, until lawfully discharged from said imprisonment, and commit no manner of escape. Within fifteen days after they had committed him to prison, his bail gave due notice thereof to the plaintiffs ; and immediately after the expiration of the fifteen days, *Minchin* left the State, into which he had never since returned.

Upon these facts, which were agreed by the parties, they submitted the cause to the judgment of the court.

*Megquier*, for the plaintiffs, contended that the liability of the defendants on the bond continued till the debtor was legally discharged, either by his being taken in execution, or by his voluntary surrender of himself to the officer, or by being surrendered by his sureties ; and that there was no other legal mode of discharge, except payment, or a release by the creditors. It is properly a bond for the debtors' liberties ; and ought to be in force, at least fifteen days after notice to the creditors of its execution. But in its terms it is in force till the debtor has obtained his regular discharge in some mode recognized in the law. If it is objected that this would allow the creditors to delay charging him in execution, at their pleasure ; it may be replied that it is an inconvenience of the party's own creation, but does not alter the principle.

*Richardson*, for the defendants, adverted to the *Stat.* 1821. *ch.* 67. regulating bail, which provides that the principal, being surrendered by his bail, before final judgment in a *scire facias* against them, shall be entitled to all the liberties and privileges of the prison limits, under such conditions and restrictions as when committed by order of court. In the latter case he is to remain a prisoner for the space of fifteen days in order to his being taken in execution ; which if the creditor

Thayer & al. *v.* Minchin & al.

does not cause to be done within that time, he is to be discharged. In the present case, therefore, the bond, at the expiration of fifteen days, had fulfilled its office, and the debtor had the same right to go at large, which he would have had, if he had spent that period in close prison. Unless it receives this construction, he must remain a prisoner forever. If he was properly surrendered, he is entitled to the same privileges with all other principals, when surrendered by their bail. If he was not, the bond is illegal and void.

Weston J. delivered the opinion of the Court.

By the first section of the act, regulating bail in civil actions, *Stat.* 1821. *ch.* 67. it is provided that " it shall be lawful for the person, who may have become, or may hereafter become bail, to commit in the common gaol in the county where such arrest was made, or in that to which the writ is returnable, the principal for whom he has become bound, leaving with the gaoler or prison keeper of such county, within fifteen days after such commitment, an attested copy of the writ or process whereby the arrest was made, and of the return indorsed ; and such gaoler or prison keeper is hereby authorized and required to receive the person so committed into custody, in the same manner as if he had been committed by the officer making the arrest ; and the person so committed shall be entitled to the liberties and privileges of the prison limits, upon the same terms and conditions, and under the same restrictions, as are provided where the principal is committed by order of court. And the bail so committing their principal shall ever after be discharged from the bail bond by them given : *Provided however*, that no person shall have the benefit of the foregoing provision of this act, unless he shall have committed his principal as aforesaid, before final judgment upon *scire facias* ; and if the commitment shall have been made after the writ of *scire facias* shall have issued, he shall pay the costs of that suit before he shall be discharged : *And provided also*, that any bail, who shall claim a discharge under this section, shall have notified in writing the plaintiff in the original suit, or his attorney, of the time when and the place where the principal has been committed, within fifteen days from the time of such commitment."

Thayer & al. *v.* Minchin & al.

By the seventh section of the act for the relief of poor debtors, it is provided that any principal, surrendered by his bail, either on mesne process or action of *scire facias* against the bail, shall, on giving bond similar to that in the same act provided, be released from close confinement, in the same manner as if he had given such bond, after commitment on the original writ or execution. In pursuance of the section first cited, the principal, in the case before us, was committed by his bail; and in virtue of the section last cited, he was relieved from close confinement, on giving bond for the liberty of the yard. The decision of the cause will depend upon the question, whether he was to be regarded as a prisoner, when he departed out of the exterior bounds of the prison limits, or whether the power and authority, under which he was committed, had then ceased to operate upon him.

By the third section of the statute first before cited, it is provided, that if the bail shall bring his principal into court, before judgment is given upon the *scire facias*, and there deliver him to the order of the court, and shall pay the costs which may have then arisen upon the *scire facias*; then the bail shall be discharged; and the principal shall be committed to gaol, there to remain for the space of fifteen days, in order to his being taken in execution. And if the creditor shall not, within fifteen days next after the surrender of the principal, take him in execution, the sheriff shall discharge him, upon his paying the legal prison fees. By the fifth section of the same statute, it is further provided, that if the plaintiff shall not, within fifteen days after the surrender of their principal by the bail upon *scire facias* to the justice before whom the original process was returnable, or if the same shall have been made upon such process, within fifteen days next after final judgment thereon, take the said principal in execution, he shall be discharged, upon paying the legal prison fees.

By the first section, bail may commit their principal at any time, and in any stage of the proceedings, after they become bail, until final judgment is rendered against them upon *scire facias*. And the gaoler or prison keeper is authorized and required to receive the principal thus committed, in the same manner, as if he had been committed by the officer making the arrest. By the fifth section of

Thayer & al. v. Minchin & al.

the act for regulating prisons, *Stat.* 1821 *ch.* 110, it is provided that no person, imprisoned upon mesne process, shall be held in prison upon such process, above the space of thirty days next after the entering up of final judgment, upon the writ whereby he is committed; unless he shall be continued there, by having his body taken in execution.

In the case before us, at the time of the commitment of the principal, more than thirty days had elapsed, after the rendition of final judgment; and if he was thereupon to be treated by the gaoler, as the law provides, as if committed by the officer making the arrest, he would be entitled forthwith to be discharged. In two cases, specifically provided for as before stated, of a surrender in court upon *scire facias,* or a surrender before a justice upon the same process, the principal was to be committed to prison, there to be held, but upon giving bond entitled to the liberty of the goal yard, for the space of fifteen days, that the creditor might, if he saw fit, charge him in execution. This limitation is not in express terms extended to commitments, like the one in question; but it could never have been intended that the principal should, in such a case, be surrendered, and immediately discharged; and we are satisfied, upon a full consideration of the whole statute, that in commitments by the bail, before *scire facias,* but more than thirty days after final judgment against their principal, he is to be holden for the term of fifteen days from such commitment. He is entitled to the liberty of the yard, upon the same terms, limitations, and restrictions, as if committed after a surrender in court. And if so committed, he has a right to be discharged, if not taken in execution in fifteen days. It is made the duty of bail, in the section under which they acted in this instance, to notify the creditor of the commitment within the fifteen days. Unless this limitation is applied, the imprisonment of the principal may be interminable, if the creditor do not choose to take him in execution. Rather than adopt such a construction, it would be better that the literal interpretation, which entitles him to an immediate discharge, should prevail. But by applying the limitation of fifteen days to this case, we carry into effect the apparent intention of the legislature, and subject the principal to no greater inconvenience, than the law

42

imposes upon him, if surrendered upon *scire facias.* It results that the principal, not having been, during the fifteen days following his commitment, charged in execution, and the creditors, by reason of the first arrest or subsequent commitment, having no further claim upon his body, might go at large, without being answerable upon his bond to the creditors, as their prisoner.

If the notice, required to be given by the bail, may not prove beneficial to the creditor, as it may be done at any time on the last of the fifteen days, it is for the legislature to make further provision, if necessary, by extending the time during which the debtor may be detained, or shortening the period, within which notice is to be given to the creditor by the bail.          *Judgment for the defendants.*